[J-35-2025] [MO: Todd, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| IN RE: M.L.R., A MINOR | : | No. 2 MAP 2025 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF: E.L.R., MOTHER AND | : | Superior Court at No. 623 EDA |
| M.L.R., A MINOR | : | 2024, entered on October 9, 2024, |
| | : | Vacating the Decree of the |
| | : | Montgomery County Court of |
| | : | Common Pleas, Orphans' Court |
| | : | Division, at No. 2022-A0133, entered |
| | : | on January 26, 2024. |
| | : | |
| | : | ARGUED: September 11, 2025 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: February 18, 2026**

I join the majority's well-reasoned opinion in full. I write separately only to emphasize that the Adoption Act, 23 Pa.C.S. §§2101 *et seq.*, is inapplicable in actions which do not involve a contemplated adoption, unless the child at issue was conceived as a result of rape or incest, *see id.* at §2512(b)(3).

It's beyond cavil that the Adoption Act is meant to govern matters of adoption. Indeed, where a parent seeks to terminate the rights of the child's other parent, the Act explicitly requires that the termination petition contain "an averment that the petitioner will assume custody of the child **until such time as the child is adopted**." *Id.* at §2512(b)(2) (emphasis added). "In other words, the petitioning parent must demonstrate that an adoption of the child is anticipated in order for the termination petition to be cognizable." *In re Adoption of M.E.L.*, 298 A.3d 118, 121 (Pa. 2023) (internal quotations and citation omitted). This is because "[t]he purpose of the involuntary termination provisions of the

Adoption Act is not to punish an ineffective or negligent parent, or provide a means for changing the surname of the child, but instead to dispense with the need for parental consent to an adoption[.]" *Id*. (internal quotations and citation omitted); *see In re Adoption of M.R.D.*, 145 A.3d 1117, 1127-28 (Pa. 2016) ("The purpose behind the termination or relinquishment of an existing parent's rights prior to an adoption is to facilitate a new parent-child relationship between the child and the adoptive parent, *. . .* and to protect the integrity and stability of the new family unit.") (internal quotations and citations omitted).

To be clear, I do not believe Mother seeks mere punishment in this case. Rather, Mother demonstrates legitimate reasons to protect Child from Father, given Father's history of sexual crimes involving minors. *See* Child's Brief at 15 (contending Mother "only wants to keep her son safe and protect him from harm, predictable shame, fear, embarrassment, and trauma"). However, in my respectful view, that goal is properly and adequately achieved through other means, such as a trial court order granting Mother full legal and physical custody over Child — not, as Mother seeks, the termination of Father's parental rights through the Adoption Act. *See M.R.D.*, 145 A.3d at 1129 (cautioning against "open[ing] the door for misuse of adoption proceedings by spiteful parents as a means to involuntarily terminate the rights of unwanted parents"); Dissenting Opinion at 5 ("No parent is free to invoke the termination of parental rights process to commandeer a dispute that belongs properly in custody court."). Here, for example, Mother already "has sole legal and physical custody of Child pursuant to [a] stipulated custody order, and any interactions Father has with Child by telephone or letter occur only with Mother's permission and supervision." Majority Opinion at 23.

As the majority appropriately notes, in light of evolving social norms, "the relinquishment requirement for adoption and termination of another parent's rights over a child may be seen by some as anachronistic in this day and age, particularly given the

changing notion of what it means to be 'family[.]'" *Id*. at 17, *quoting M.E.L.*, 298 A.3d at 129. Importantly, however, we have never suggested the termination of parental rights is an appropriate remedy for a custody matter which does not contemplate adoption. *See id*. at 23-24 (explaining that, for nearly fifty years, this Court has consistently "recognized that 'the Legislature intended the petition for involuntary termination of parental rights to be available **solely as an aid to adoption**'") (emphasis supplied by majority), *quoting In re B.E.*, 377 A.2d 153, 155 (Pa. 1977). Accordingly, since "Section 2901's 'cause shown' exception to the relinquishment requirement is applicable only when there is a contemplated adoption of a child," and no such adoption is contemplated here, I fully agree with the majority "that Mother's petition for termination of Father's parental rights was not cognizable under the Act[.]" *Id*. at 1.

Justices Donohue, Mundy and Brobson join this concurring opinion.